[Civ. No. 15453. First Dist., Div. Two. June 10, 1953.]

RUTH A. DALEY, Appellant, v. NICOLL & COMPANY, Respondent.

Edward E. Heavey and Frederick L. Hewitt for Appellant.

Ropers & Majeski for Respondent.

NOURSE, P. J.—Plaintiff sued for damages alleged to have resulted from a fall due to defendant's negligence. The jury returned a verdict for the plaintiff in the sum of $800. Plain-

tiff's motion for a new trial on the issue of damages alone was denied, and she now appeals from the entire judgment.

The facts are not materially in dispute. From early childhood the plaintiff had suffered from congenital dislocation of both hips and particularly from degenerative arthritis of the right hip. From the age of 16 she had fallen frequently injuring either one or both hips. She had undergone surgery to her right hip to replace a worn hip socket by a metal one. This was done in the year 1942. In 1943 she returned to partial employment, having then discarded her crutches, but soon thereafter she again fell and sprained her right ankle. The fall which is the basis of this cause of action occurred October 13, 1949. It was then diagnosed as a sprain of the right ankle and back and a contusion of the left hip. At the time of this later treatment she stated positively that she had not injured her right hip as a result of the fall. Approximately six months later she filed a suit for damages alleging injury to the right ankle and contusions to the left hip, also contusions to the chest. She was then examined by a physician selected by the defendant to whom she stated that she had received no injuries to her right hip in this fall. Before the trial she contacted the same physician who treated her in 1942 and a second operation was then performed on her right hip. Following that operation she filed an amended complaint in which for the first time she alleged a fracture of the right hip as a result of that fall.

In the trial before the jury the main issue was whether the plaintiff had suffered any injury to the right hip as a result of the fall. This left to the plaintiff the claim for damages to the left hip and the sprained ankle, which were concededly of minor importance. The evidence upon which appellant relied showing physical suffering, loss of wages, etc. is tied to the bruise on the left hip and the sprained ankle. There was competent testimony that the condition of the right hip, upon which she now relies to support her claim for special damages, loss of wages, etc., is not a result of the accident but was of congenital origin.

There is no question of law raised on the appeal which calls for any discussion. The single question is whether the jury's award of $800 limited as it must have been to the sprained ankle and bruised left hip was adequate compensation for these minor injuries. Nothing has been shown herein that would justify us in exercising an independent judgment

on the amount of the damages. When we take into consideration that the trial judge on the hearing of the motion for a new trial had heard all the evidence, we must assume that the court approved the jury's verdict as covering ample compensation for the specific injuries sustained in that particular accident. There are no legal questions raised on appeal which require consideration.

Judgment affirmed.

Dooling, J., concurred.